1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

10

11   BETTI L. LOEFFLER,              )    Civil No. ED CV 04-00379 (Mc)
                                      )
12                  Plaintiff,        )    MEMORANDUM OF DECISION
                                      )    AND ORDER IN A
13        v.                          )    SOCIAL SECURITY CASE
                                      )
14   JO ANNE B. BARNHART,             )
     Commissioner of the             )
15   Social Security Administration,  )
                                      )
16                  Defendant.        )
                                      )
17   ─────────────────────────────────

18        The plaintiff, Betti L. Loeffler, filed the present action for

19   review of a final determination of the Commissioner of the Social

20   Security Administration ("the Commissioner").  After reviewing the

21   Administrative Record ("AR") and the applicable law, the court

22   concludes that there is substantial evidence in support of the finding

23   of the Commissioner that the plaintiff is not disabled and not

24   entitled to disability insurance benefits ("DIB").  Accordingly, the

25   court grants judgment for the Commissioner and against the plaintiff.

26                              **BACKGROUND**

27        The plaintiff filed an application for DIB under the Social

28   Security Act (the "Act") on March 14, 2002.  [AR 78-82.]  This

1  application was denied initially and on reconsideration.  [AR 58-61,
2  63-66.]  At the plaintiff's request, an administrative hearing was
3  held before Administrative Law Judge Peter J. Valentino (the "ALJ") on
4  November 21, 2003.  [AR 22-55.]  On January 15, 2004, the ALJ filed a
5  decision concluding that the plaintiff was not under a disability, as
6  defined in the Act, at any time through her date last insured of
7  December 31, 2000.  [AR 11-18.]  On February 13, 2004, the Appeals
8  Council denied the plaintiff's request for review of the ALJ's
9  decision.  [AR 4-6.]  Accordingly, the decision of the ALJ stands as
10  the final decision of the Commissioner.

11      On March 30, 2004, the plaintiff filed the present action.  The
12  parties filed a joint stipulation on December 17, 2004.

13                          **STANDARDS OF REVIEW**

14      The court must sustain the findings of the Commissioner unless:
15  (a) they are not supported by substantial evidence in the record as a
16  whole; or (b) the Commissioner applied an improper legal standard.
17  See 42 U.S.C. § 405(g);  Gordon v. Secretary of Health and Human
18  Services, 803 F.2d 1071, 1072 (9th Cir. 1986).  Substantial evidence
19  means "more than a mere scintilla" but less than a preponderance.
20  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.
21  Ed. 2d 842 (1971); Desrosiers v. Secretary of Health and Human
22  Services, 846 F.2d 573, 576 (9th Cir. 1988).  "Substantial evidence"
23  is evidence a "reasonable mind might accept as adequate to support a
24  conclusion."  Richardson, 402 U.S. at 402; Gordon, 803 F.2d at 1072.

25      This Court must review the record as a whole and consider adverse
26  as well as supporting evidence.  See Green v. Heckler, 803 F.2d 528,
27  529-530 (9th Cir. 1986).  Where evidence is susceptible of more than
28  one rational interpretation, the court must sustain the Commissioner's

2

1  decision.   See Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.

2  1984).

3  ## THE FIVE-STEP SEQUENTIAL EVALUATION

4      The Commissioner has established a five-step sequential

5  evaluation for determining whether a person is disabled.   See 20

6  C.F.R. §§ 404.152, 416.920.   First, the Commissioner determines

7  whether the person is engaged in "substantial gainful activity."   If

8  so, the Commissioner denies disability benefits.   Second, if the

9  person is not so engaged, the Commissioner determines whether the

10 person has a medically severe impairment or combination of

11 impairments.   If the person does not have a severe impairment or

12 combination of impairments, the Commissioner denies benefits.   Third,

13 if the person has a severe impairment, the Commissioner determines

14 whether the impairment meets or equals one of a number of "listed

15 impairments."   If the impairment meets or equals a "listed

16 impairment," the Commissioner conclusively presumes that the person is

17 disabled.   See 20 C.F.R., Pt. 404, Subpt. P, App. 1.   Fourth, if the

18 impairment does not meet or equal a "listed impairment," the

19 Commissioner determines whether the impairment prevents the person

20 from performing past relevant work.   If the person can perform past

21 relevant work, the Commissioner denies benefits.   Fifth, if the person

22 cannot perform past relevant work, the burden shifts to the

23 Commissioner to show that the person is able to perform other kinds of

24 work.   The Commissioner can meet this burden by reference to the

25 Medical-Vocational Guidelines ("Grids") at 20 C.F.R., Part 404,

26 Subpart P, Appendix 2, or by relying on vocational expert testimony.

27 See Penny v. Sullivan, 2 F.3d 953, 958-59 (9th Cir. 1993).   The person

28 will only be found entitled to disability benefits if she is unable to

3

perform other work.  See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

## FINDINGS OF THE ALJ

The plaintiff was born on July 31, 1946.  [AR 12, 78.]  The plaintiff completed high school and one year of college.  [AR 12.] The plaintiff has past relevant work experience as a real estate office coordinator.  [AR 12.]  The plaintiff alleges that she has been unable to work since October 10, 1999, due to osteoarthritis, polymyalgia, fibromyalgia, ankle surgery, chronic pain, deep depression, panic attacks, anxiety attacks, rheumatoid arthritis, bursitis, tendonitis, and irritable bowel syndrome.  [AR 12, 88.]

The ALJ found that the plaintiff was insured for DIB through December 31, 2000, her date last insured.  [AR 17.]  The ALJ found that the plaintiff has not engaged in substantial gainful activity since her alleged onset date.  [AR 17.]  The ALJ found that the medical evidence established that as of the plaintiff's date last insured, the plaintiff suffered severe impairments, including fibromyalgia and multiple sprains and strains.  [AR 17.]  The ALJ found that the plaintiff did not have an impairment or combination of impairments listed in or medically equal to one listed in the Act's listing of impairments.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1; [AR 17.]  The ALJ found that the plaintiff was not totally credible.  [AR 17.]  The ALJ found that the plaintiff had the residual functional capacity to perform sedentary work on a sustained basis prior to her date last insured.  [AR 17.]  Based on these restrictions, the ALJ found that, as of the plaintiff's date last insured, the plaintiff was able to perform her past relevant work as a real estate office coordinator.

1    Accordingly, the ALJ concluded that the plaintiff was not under a

2    disability, as defined by the Act.  [AR 18.]

3                          **THE PLAINTIFF'S CONTENTION**

4        The plaintiff contends that the ALJ erred by failing to develop

5    the record fully and fairly.  [Joint Stipulation, pp. 3-5.]

6                               **DISCUSSION**

7        The plaintiff argues that the ALJ had a duty to recontact one of

8    her treating physicians, Dolores Limtao, M.D., to obtain additional

9    information about the plaintiff's mental condition.  The plaintiff's

10   argument is without merit.

11       The plaintiff first received treatment for depression at Kaiser

12   Medical Center in 1992.  [AR 199-200.]  In September 1999, the

13   plaintiff returned to Kaiser Medical Center with complaints of

14   depression and anxiety.  [AR 196.]  After conducting an initial

15   evaluation, Dr. Limtao diagnosed the plaintiff with major depression,

16   recurrent and anxiety disorder, NOS.  [AR 192, 198.]  Dr. Limtao

17   prescribed Prozac,[1] Xanax,[2] and Zyprexa.[3]  [AR 198.]  By November 1999,

18   the plaintiff reported feeling better overall and was more comfortable

19   being around people and public places.  [AR 194.]  Dr. Limtao

20   discontinued the plaintiff's Zyprexa prescription at that time.  [AR

21

22

23   _____

24       [1]  "Prozac is indicated for the treatment of depression."
     Physician's Desk Reference (P.D.R.), 925 (53rd ed. 1999).

25

26       [2]  Xanax, is "indicated for the management of anxiety
     disorder...or the short-term relief of symptoms or anxiety."  P.D.R.
     at 2517.

27

28       [3]  "Zyprexa is indicated for the management of the manifestations
     of psychotic disorders."  P.D.R.,at 1642.

                                      5

192, 194.]  In August 2000, Dr. Limtao began prescribing Trazodone[4] to the plaintiff.  [AR 192.]  On July 15, 2003, Dr. Limtao completed a Work Capacity Evaluation (Mental) on the plaintiff's behalf.  [AR 189-90.]  Dr. Limtao rated the plaintiff as "moderately" limited in eight categories and "markedly" limited in one category.  [AR 189-90.]  Dr. Limtao also stated that the plaintiff did not seem to be a malingerer and that, on average, the plaintiff would be absent from work three or more days a month.  [AR 190.]

The ALJ reviewed the medical evidence and determined that prior to the plaintiff's date last insured of December 31, 2000, the plaintiff's depression was non-severe.  [AR 15.]

The plaintiff alleges that the ALJ should have recontacted Dr. Limtao to clarify whether the plaintiff suffered from a disabling mental impairment as of her date last insured.  In support of this argument, the plaintiff cites 20 C.F.R. §§ 404.1512(e) and 404.1527(c).  [Joint Stipulation, pp. 4-5.]  These sections, however, impose a duty on the ALJ to recontact a treating physician only when the record is inadequate to make a determination of disability.  See 20 C.F.R. § 404.1512(e)(1)("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."); 20 C.F.R. 404.1527(c)(3)("[i]f . . . we do not have sufficient evidence to decide whether you are disabled, or if after weighing the evidence we decide we cannot reach a conclusion

---

[4]  Trazodone (Desyrel) "is indicated for the treatment of depression."  P.D.R. at 540.

6

1  about whether you are disabled . . . . [w]e will request additional

2  existing records, recontact your treating sources or any other

3  examining sources. . . .”); see Thomas v. Barnhart, 278 F.3d 947, 958

4  (9th Cir. 2002)(noting that the requirement for additional information

5  is triggered only when the evidence from the treating medical source

6  is inadequate to make a determination as to the claimant's

7  disability).

8       Here, the ALJ did not have an obligation to seek clarification

9  from Dr. Limtao because there was sufficient evidence in the record to

10  make a determination regarding disability.  The ALJ did not express

11  any confusion regarding Dr. Limtao's opinion.  While the ALJ

12  acknowledged that Dr. Limtao's findings on the Work Capacity

13  Evaluation indicated that the plaintiff's depression had become more

14  severe as of July 2003, the ALJ clearly stated that there was no

15  evidence that the plaintiff "was unable to sustain a forty-hour work

16  week prior to her date last insured of December 31, 2000." [AR 15.]

17  There was also no ambiguity in the evidence regarding the plaintiff's

18  mental condition as of her date last insured.  See Tonapetyan v.

19  Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)(finding that an ALJ's duty

20  to develop the record further is triggered when there is ambiguous

21  evidence or when the record is inadequate to allow for proper

22  evaluation of the evidence); Smolen v. Chater, 80 F.3d 1273, 1288 (9th

23  Cir. 1996).  The ALJ found that the plaintiff's medications yielded

24  good results and that the plaintiff's mental condition was mild in

25  nature as of her date last insured.  [AR 15, 17.]  These findings are

26  reasonably supported by the record.  [AR 192, 194.]  Therefore, the

27  ALJ's decision not to augment the record by recontacting Dr. Limtao is

28  free from legal error.

7

**CONCLUSION**

After careful consideration of the complaint, the arguments of the parties, the transcript of the record, and in accordance with the foregoing discussion, the magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

**ORDER**

IT IS ORDERED that judgment be entered in favor of the Commissioner and against the plaintiff.

Dated: September __6__, 2005

                                          _____/s/_____
                                          JAMES W. MCMAHON
                                          United States Magistrate Judge

8